BEFORE THE FEDERAL DISTRICT COURT AT MISSISSIPPI
IN AND FOR THE UNITED STATES
*Eastern Division*

IMPERIAL INDUSTRIAL, ET AL.,

v.     2:19-CV-129-KS-MTP

QUINTINA MARIE THOMAS, ET AL.,     No Consent to Magistrate
Jury Trial Demand,
Summary Judgment Request...

*ANSWER TO COMPLAINT*

I.     The Right to be Heard.

Comes now, the Defendant/Respondents before this honorable Court to state that this Court lacks jurisdiction to entertain this matter as presented by the opposing parties, as defined by the Federal Arbitration Act, 9 U.S.C. § 1-16.

The law of due process permits a party to elect to be before a judge and not a magistrate, we do not wish to be before a magistrate and respectfully request to be before an Article III official.

II.     Plaintiff estopped.

1. The Plaintiff's, by the Agreement's Arbitration Clause; have agreed as a direct result of performance, estopped from "…that by Respondent(s) failure and/or refusal to respond and provide requested and necessary proof of claims raised herein and above thereby, and therein, have made an agreement to said facts: as they operate in favor of the undersigned, through "tacit acquiescence…" (Page 4 &5 of 7 (para. 1 Lines 3-6)).

2. The Plaintiff's claim lack of knowledge and/or service and/or notice, yet note the following admission's placed on the court's official record:

    a. Plaintiff's state falsely, "No offer was ever made to Plaintiff to Defendant Thomas…" (See: Page 3 Para 16 of Complaint). This stated after documentation of relationship in Paragraph 13 of Complaint.

b. At Paragraph 3 of the Complaint, the Plaintiff's note; "...Thomas...purchased a power generator distributed and/or sold by the Defendant's...caused a fire that damaged her home..."

c. Product liability, the Defendant and the Plaintiff had a prior relationship and the Plaintiff denied responsibility and/or liability. Ms. Thomas knew that there was a duty and contractual obligation on the behalf of the Plaintiff's as a direct and indirect result of the purchase agreement/contract, decided to conditionally accept the offer to "fail to act," or "fail to perform duty of care."

d. Plaintiff, at 16 of Complaint admitted to having knowledge of the contract which included a valid arbitration clause as evidenced by Exbibit B of document 1-3 filed 09/06/2019 (Cert. # 70160910000227876783).

e. Plaintiff's admitted that they filed to respond to the Claimant, this constitutes performance under the terms of the contract (see: Arbitration Clause of Performance Contract and Restatement (Second) of Contracts).

3. The Series of Documents:

a. Conditional Acceptance Agreement/Contract...

b. Notice of Fault...

c. Notice of Default...

4. Each contain the contract serial/identifying number at the top of each page, the SITCOMM Arbitration Association by policy send's a copy to each party, so as to assist with notice of agreement issues concerning "performance contracts and to comply with the due process requirements of the Federal Arbitration Act.

III. Questions of Arbitrability?

5. "...The Federal Arbitration Act and this (the Supreme Court of the United States), Courts precedents. Under the Act, arbitration is aa matter of contract and courts must enforce arbitration contracts according to their terms, 561 U.S. 63, 67. The parties to such a contract may agree to have an arbitrator decide not only the merits of a particular dispute, but also the gate-way questions of arbitrability. Therefore, when the parties contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless..."' See: Henry Schein, Inc., et al..., v. Archer & White Sales, Inc (Decided January 8, 2019).

6. "...In the event of a default and acceptance through failure/silence to respond when a request for summary disposition of any claim or particular issue may be requested and decided by the Arbitrator...any any controversy or claim arising out of or relating in any way to this agreement or with regards to its formation, interpretation or breach and any issue of substantive or procedural arbitrability shall be settled by arbitration and the arbitrator may hear and decide the controversy with evidence produced although a party who was duly notified of the arbitration proceedings did not appear..."

7. The Plaintiff's have been properly notified. Each have performed under the performance clause(s) of the contractual agreement, were parties within the FAA. The contractual agreement evidenced commerce and the jurisdiction is the FAA.

    a. The evidence presented was supportive of SAA to have jurisdiction over the parties. Ms. Thomas provided proof of service, SAA provided proof of service, and the plaintiff's provided proof of service; hence each party was cognizant of the contract of performance. The default occurred on behalf of the Plaintiff's and the response of the Plaintiff's was neither persuasive nor sufficient to overcome evidence by the Defendant Thomas.

b. The Plaintiff's clearly demonstrated knowledge of the claim of Ms. Thomas, yet falsely advised her to seek redress only in Hawaii, when the law holds it may also be in a venue where the opposing party resides, does business, or the event occurred (Exhibit filed 09/06/2019 Document 1-6, Page 2 of 5. The Plaintiff's further documented the controversy of the claim that their product caused damage to the claimants property and advised that she seek only one avenue of redress after accepting terms of contract through specific performance under performance provisions of performance contract. The Plaintiff's could not under these circumstances challenge the contract under thee claim "we did not know," we "never received a copy." "We did not perform, we…"

## IV.     Objection to Notice

8. The objection to notice could only be in compliance with the FAA 9 U.S.C. § 1, 2, and 9; which provides that there must be a contract with a commerce arbitration clause and a controversy. That such is "valid," "irrevocable," and "binding" on all the parties.

9. SITCOMM Arbitration Association complied with thee FAA, as well as the Arbitration Clause of performance contract and are immune from attack when doing so.

10. Note the "Notice of Arbitration Hearing" …or object to request(s) sought within the time indicated, the arbitrator may proceed to enter an arbitration award based upon the supporting evidence presented and other related documentation." The arbitrator proceeded to make a determination that the communications by the Plaintiff did not hold merit based upon the evidence placed in the file, the communication's received; as well as the several proof's of service and no proof of response prior to default.

11. The Plaintiff's placed copies of mailings received (January 19 & 25, 2019), however;

they falsely claim they were not properly notified. This was a delay designed to circumvent the process, this was a further breach of the performance agreement between the parties. Not once did the Plaintiff's ever claim that there was no default, which was the claim of the claimant, yet they provide proof of their intentional default, which is the Act of Performance granting the arbitrator jurisdiction (there are other acts, yet the arbitrator only need document one act of breach under the Arbitration Clause).

12. The Respondent's did not pay an arbitration fee, the Respondents failed to notify all the parties of May 2, 2019 communication to the SITCOMM Arbitration Association as required by the FAA and SAA policies.

13. In Archer, the Court has held:

"Under the Federal Arbitration Act, parties to a contract may agree to an arbitrator rather than a court will resolve a dispute arising out of a contract..."

"Even when a contract delegates the arbitrability question to an arbitrator, some federal courts nonetheless will short-circuit the process and decide the arbitrability question themselves..."

"When the parties contract delegate the arbitrability question to an arbitrator, t he courts must respect the parties decision as embodied in the contract..."

"A written provision in (a Performance Contract), a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract...shall be valid, irrevocable and enforceable..." 9 U.S.C. § 2.

"We must interpret the Act as written and the Act requires that we interpret the contract as written. When the parties to a contract delegate the arbitrability question to an arbitrator, a court may not override the contract. In these circumstances, a court possesses no power to

decide the arbitrability issue. That is true even if the court thinks the argument of an arbitration agreement applies to a particular dispute is wholly groundless… Just as a court may not decide a merits question, the court may not decide an arbitrability question that the parties have delegated to an arbitrator…"

14. Each of the issue's proffered by the Plaintiff's address the issue of arbitrability and are each of their issue's a matter of contract. Their product caused damage to the Defendant Thomas and the Defendant Thomas sought an alternative remedy after the default on the performance contract under 9 U.S.C. § 1-16.

15. This Court lacks jurisdiction to entertain the matter as presented by the Plaintiff's and Summary Judgment is proper, with prejudice; as the Plaintiff's failed to state a claim for relief and the Plaintiffs provided evidence rebutting their claims, resulting in a waste of this Court's time and resources.

16. Legal cost and fee's of $ 10,500.00 are proper for the Defendants as a result of time, research and legal hours. This is also proper under the FAA which is the proper jurisdiction of this matter.

17. If this matter is permitted to move forward, jury trial is demanded; as is permissible.

The aforementioned is true and accurate and presented on this October 06, 2019.

_____
Sandra Goulette, Director

_____
Mark Moffett, Arbitrator

Both at c/o: 3007 Crescent Hill Drive
Laurel, Mississippi Republic
"MS 39440-1964-us"
601-580-1733