**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**IMPERIAL INDUSTRIAL SUPPLY COMPANY
D/B/A DURAMAX POWER EQUIPMENT and/or
D/B/A FACTORY AUTHORIZED OUTLETS,
STEVEN L. FELDMAN, ANTHONY BUSTOS,
and ROBERT RASKIN**                                                      **PLAINTIFFS**

**V.**                                                       **CIVIL ACTION NO. 2:19-cv-129-KS-MTP**

**QUINTINA MARIE THOMAS, SITCOMM
ARBITRATION ASSOCIATION, MARK
MOFFETT and SANDRA GOULETTE**                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on Plaintiffs' Motion to Vacate Arbitral Award [4], to which the Court ordered that the Defendants respond on or before December 30, 2019 [26]. To date, no responses have been filed. For the reasons set forth below, the Court finds that the motion is well-taken and will be granted.

**I. BACKGROUND**

This matter arises from a purported arbitration "award" in favor of Quintina Marie Thomas executed by Defendants, Mark Moffett (arbitrator) and Sandra Goulette (committee member) of Sitcomm Arbitration Association ("SAA") on June 15, 2019. [1-7].[1] Underlying this

---

[1] There has been a recent rash of cases involving arbitration awards issued by arbitrators with SAA filed not only in this Court but also in other jurisdictions. *See, e.g.*, *Brown v. Ally Financial, Inc.*, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); *Teverbaugh v. Lima One Capital, LLC*, No. 2:19-MC-159-KS-MTP (S.D. Miss. Oct. 23, 2019); *Imperial Indus. Supply Co. v. Thomas*, No. 2:19-CV-129-KS-MTP (S.D. Miss. Sept. 13, 2019); *Nichols v. U.S. Bank, Nat'l Assoc.*, No. 2:19-mc-162 (S.D. Miss. Oct. 28, 2019); *Kahapea v. Hawaii State Fed. Credit Union*, No. 2:19-mc-185 (S.D. Miss. Nov. 20, 2019); *Pennymac Loan Svcs., LLC v. Kahapea*, No. 2:19-cv-193 (S.D. Miss. Dec. 11, 2019); *Teverbaugh v. Lima One Capital, LLC*, No. 1:19-cv-5482 (N.D. Ill. Aug. 14, 2019); *Teverbaugh v. First Guaranty Mortg. Corp.*, No. 1:19-cv-5485 (N.D. Ill. Aug. 14, 2019); *U.S. Bank Nat'l Ass'n v. Nichols*, No. 19-CV-482, 2019 WL 4276995, at *1 (N.D. Okla. Sept. 10, 2019); *Kalmowitz v. Fed. Home Mortg. Corp.*, No. 6:19-mc-10, 2019 WL 6249298 (E.D. Tex. Oct. 22, 2019); *Meekins v. Lakeview Loan Servicing, LLC*, No. 3:19-cv-501, 2019 WL 7340300 (E.D. Va. Dec. 30, 2019).

award is a series of documents sent to Plaintiffs titled "Conditional Acceptance for the Value/For Proof of Claim/Agreement" [1-2]; "Notice of Fault and Opportunity to Cure and Contest Acceptance" dated January 22, 2019 [1-3]; "Notice of Default/Invoice" dated January 28, 2019 [1-4]; and a "Notice of Arbitration Hearing" dated April 19, 2019 [1-5]. In response, Plaintiffs sent letters via email and U.S. Mail to Defendants Goulette and Thomas dated May 2, 2019 and May 7, 2019, objecting to the arbitration that was scheduled for May 10, 2019.[2] The SAA then sent an "All-Purpose Proof of Service," indicating that the Final Arbitration Award was mailed to Steven Feldman on June 21, 2019. [1-8].

## II. DISCUSSION

Section 10(a) of the Federal Arbitration Act provides the exclusive grounds for vacating an arbitration award. *See Householder Grp. v. Caughran*, 354 Fed. Appx. 848, 850 (5th Cir. 2009) (citing *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)). Such section provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

---

[2] The earlier letter was sent by Mr. Roy F. Hughes, Hawaii defense counsel for Industrial Supply Co. d/b/a Max Tool. [1-6] at pp. 1-3. Mr. Steven Feldman, who is the statutory agent for service of process for Imperial Industrial Supply Co. and a named defendant in the arbitration, sent the other. [1-6] at p. 4.

**B. Analysis**

Here, Plaintiffs argue that Defendant Thomas's arbitration award must be vacated generally because there was no valid, enforceable contract requiring an arbitration, and thus, the award was made without jurisdiction or consent. Additionally, PlaintiffS argue that (1) the award was procured by corruption, fraud, or undue means; (2) the award evidences partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing and other misbehavior; and (4) the arbitrators exceeded their powers or so imperfectly executed them that proper award upon the subject matter submitted was not made. [4] at pp. 1-2. The Court finds it needs to go no further than its determination that the arbitrator(s) exceeded his power because there was no valid agreement to arbitrate.[3]

An arbitrator's power derives from the arbitration agreement. *Timegate Studios, Inc. v. Southpeak Interactive, LLC*, 713 F.3d 797, 802 (5th Cir. 2013). Therefore, an arbitrator only has the power to grant an award if the parties agreed to submit the matter to arbitration. *See, e.g. MCI Telecomm. Corp. v. Exalon Indus., Inc.*, 138 F.3d 426, 430 (1st Cir. 1998); *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2nd Cir. 1995); *Garcia v. Kakish*, 2017 WL 2773667, at *9 (E.D. Cal. June 27, 2017); *Nat'l Wastewater Sys., Inc. v. McKittrick Precast, Inc.*, 2013 WL 4648334, at *3 (W.D. La. Aug. 29, 2013). "The party challenging enforcement of the arbitration award has the burden of proof." *21st Fin. Servs., LLC v. Manchester Fin. Bank*, 747 F.3d 331, 336 (5th Cir. 2014).

"[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes that the parties have agreed to submit to arbitration."

---

[3] The Court is quite tempted to also vacate on the grounds of fraud, as other courts have done as to these SAA Final Arbitration Awards. *See, e.g., Meekins*, 2019 WL 7340300 at *3; *Kalmowitz*, 2019 WL 6249298, at *2. However, because there is no sworn testimony through deposition or affidavit, such a finding may be premature.

*First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995). Thus, it is axiomatic that without a valid agreement to arbitrate, any purported award is void because the arbitrator had no power to grant any award.[4] Plaintiffs argue that no valid arbitration agreement ever existed. The Court agrees.

The elements of a valid contract in Mississippi are ""(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003) (quoting *Lanier v. State*, 635 So. 2d 813, 826 (Miss. 1994)). "It is hornbook law that "offer," "acceptance" and "consideration" are elements of an enforceable contract. The existence of an offer and acceptance are mutual expressions of assent, and consideration is evidence of the intent to be bound to the contract." *McLellan v. Charly*, 758 N.W.2d 94, 105 (Wisc. Ct. App. 2008).

None of the Defendants have presented any document that appears to be a valid, enforceable arbitration agreement, and nothing in the documents submitted in the record demonstrates a scintilla of mutual assent. There is no document in the record signed by any of the Plaintiffs, particularly the "Conditional Acceptance for the Value/For Proof of Claim/Agreement, which Defendants appear contend contains the arbitration agreement. *See* [8] at ¶ 1.[5] Defendants

---

[4] When one seeks to have an award confirmed, the FAA requires the moving party to file (1) the agreement; (2) the award; and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. *See* 9 U.S.C. § 13. These documents "allow the Court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment." *Meekins v. Lakeview Loan Servicing*, LLC, No. 3:19cv501, 2019 WL 7340300, *2 (E.D. Va. Dec. 30, 2019) (citing *United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D. N.C. July 12, 2012)).

[5] Although Defendants did not respond specifically to the Motion to Vacate as ordered by the Court, the Court has reviewed the Answers filed by each [8, 20], as well as the documents attached to said Answers. The documents attached to Defendant Thomas' answer are the same as those submitted by Plaintiffs, save for a summarization of the award [20-3]; and a Petition to Confirm the award filed in the District of Hawaii [20-6]. While there may be a pending motion to confirm in Hawaii, the Court will not speculate as to the propriety of such venue. The Court is abiding solely under the FAA, which clearly states "the United States court in and for the district wherein the award was made may make an order vacating the award." 9 U.S.C. § 10(a). It appears on the face of the purported award that it was made in "Laurel, Mississippi," which is in this district. [1-7] at pp. 3, 22.

claim that " . . . that by Respondents(s) failure and/or refusal to respond and provide requested and necessary proof of claims raised herein and above thereby, and therein, have made an agreement to said facts: as they operate in favor of the undersigned, through tacit acquiescence…" *Id*. Thus, it appears that Defendants believe that Plaintiffs are bound to an agreement sent to them because Plaintiffs failed to respond, which one judge has noted is "a legally bizarre determination contrary to hornbook contract law." *Nichols*, 2019 WL 4276995 at *4. On the contrary, "tacit acquiescence" to a "Conditional Exception for Value" does not create a binding contract. *See Kalmowitz*, 2019 WL 6249298 at *3 (citing *Nichols*, 2019 WL 4276995 at *4).

### III. CONCLUSION

As the Court finds that the "Conditional Acceptance for the Value/For Proof of Claim/Agreement" has no legal validity, the award must be vacated under Section 10 of the FAA. Defendants have failed to demonstrate the existence of a valid agreement to arbitrate with any of the Plaintiffs, rendering the proceedings and associated award meritless.

Therefore, it is hereby ORDERED that the Motion to Vacate Arbitral Award [4] is granted. The Final Arbitration Award is hereby vacated, and this case is dismissed with prejudice.

SO ORDERED AND ADJUDGED this 8th day of January 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE