# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**IMPERIAL INDUSTRIAL SUPPLY COMPANY**
**D/B/A DURAMAX POWER EQUIPMENT and/or**
**D/B/A FACTORY AUTHORIZED OUTLETS,**
**STEVEN L. FELDMAN, ANTHONY BUSTOS,**
**and ROBERT RASKIN**                                                                          **PLAINTIFFS**

**V.**                                                **CIVIL ACTION NO. 2:19-cv-129-KS-MTP**

**QUINTINA MARIE THOMAS, ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on the Motion and Declaration for Leave to Proceed in Forma Pauperis filed by Defendant, Quintana Marie Thomas ("Thomas") [31].[1] Upon due consideration, the Court finds that the motion should be denied for the following reasons: (1) the applicant is not a pauper, and (2) pursuant to 28 U.S.C. § 1915 (a)(3), the appeal is not taken in good faith.

"[Title] 28 U.S.C. § 1915(a) authorizes a court to allow an appeal of any suit, civil or criminal, 'without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.'" *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982) (quoting 28 U.S.C. § 1915(a)(1)). Although the statute explicitly refers to "prisoners," it is properly applied in rulings on both prisoner and non-prisoner in forma pauperis motions. *See Champluvier v. Couch*, 309 Fed. Appx. 902, 903 (5th Cir. 2009) (per curiam) (citing *Kuylen v. Whitfield*, 244 F.3d 137, 2000 WL 1901635, at *1 (5th Cir. 2000) (Table)). A party seeking leave to proceed IFP on appeal must demonstrate indigency and that her appeal is taken in good faith,

---

[1] Thomas submitted her Notice of Appeal and various forms, perhaps through misinformation, to the Court of Appeals for the Federal Circuit, whose clerk then forwarded the filings to this Court. [29, 29-1, 29-2]. The appeal has now been docketed in the appropriate appellate court, the Fifth Circuit Court of Appeals. [32].

i.e., that she will raise a nonfrivolous issue on appeal." *Winsley v. Fed. Exp. Corp.*, 393 Fed. Appx. 145, 146 (5th Cir. 2010) (per curiam); 28 U.S.C. § 1915(a)(1), (3).

### A. Financial Status

Thomas filed a Motion and Declaration for Leave to Proceed in Forma Pauperis, requesting that the payment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915. She has utilized a Form 6 Affidavit.[2] After a review of the income and expenses, it is the opinion of this Court that Thomas is not indigent under the law and should not be allowed to proceed *in forma pauperis*.

Thomas states that she has a monthly employment income from the State of Hawaii of $3000 and has no dependents. She also states that she has approximately $1500 in cash. Her monthly expenses total $2,700, and thus, do not exceed her monthly income. Considering Thomas's circumstances, particularly the fact that she is employed and has a fairly substantial monthly income, with income remaining after expenses, this Court finds that she could pay filing costs without undue financial hardship. Taxpayers should not bear the costs of private civil litigation unless a litigant is actually barred from the courts due to her finances.

### B. Appeal Not Taken in Good Faith

The Court's "inquiry into whether the appeal is taken in good faith 'is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous).' " *See Cooper v. Dallas Police Ass'n,* 609 Fed. Appx. 213, 213 (5th Cir. 2015) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)) (internal quotation marks and citations omitted)).

In the present motion at Docket Entry [31], Thomas states only that she wishes to appeal "An order of a United States District Court to Vacate a Final Award".[3] Although this particular

---

[2] The Fifth Circuit Court of Appeals uses a "Form 4." *See* http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/forms-and-samples/financial affidavit. However, the required financial information for both appears to be the same.

[3] The Order being appealed granted the underlying plaintiffs' Motion to Vacate an arbitration award. [28].

document does not provide a statement of the issues on appeal, a review of the Memorandum filed in support of her notice of appeal at Docket Entry [30] states the particular issue on appeal. She claims that she did not receive timely notice of the underlying Motion to Vacate the arbitration award under Section 12 of the Federal Arbitration Act ("FAA"), which requires a party to serve notice of a motion to vacate an award within three months after the award is filed or delivered.

This issue was never adequately raised to the Court, and thus, the Court did not address, let alone rule, on such issue. Accordingly, the reason the Court finds this appeal is not taken in good faith is because this argument has been forfeited. *See United States v. Zuniga*, 860 F.3d 276, 285 n. 9 (5th Cir. 2017) (explaining "[f]ailure to raise a claim to the district court 'constitutes a forfeiture, not a waiver, of that right for the purposes of appeal'" and quoting *United States v. Chavez-Valencia*, 116 F.3d 127, 130 (5th Cir. 1997)). A recitation of the history of this case will assist in understanding the forfeiture of Thomas's argument.

The underlying Complaint was filed on September 6, 2019, and summons were issued. On September 13, 2019, prior to any party being served, Plaintiffs filed a Motion to Vacate Arbitral Award. On November 13, 2019, Thomas submitted a document titled "Affidavit of Truth Complaint for Summary Judgment" [20], which was docketed as an Answer, to which Plaintiffs responded [23]. The document filed by Thomas contains 37 numbered paragraphs[4] with two sections labeled "Facts," a section labeled "Parties," and a section labeled "Jurisdiction and Venue." [20]. Other than asking the Court, in the last paragraph, to grant summary judgment, the document in no way complied with Federal Rule of Civil Procedure 56 or the Local Uniform Civil Rules. The Court entered an Order on December 10, 2019 [26] to advise the parties that the Answer filed by Thomas was not considered to be a validly filed motion for summary judgment.

---

[4] The facts/arguments contained in each numbered paragraph do not appear to correspond to the numbered paragraphs in the Complaint.

3

The Court also ordered as follows:

> Finally, the Court will address the pending Motion to Vacate Arbitral Award [4], which was filed before any Defendants were served. It appears from the docket, that all Defendants have now been served and returns of service filed. [16-19]. All of the individual Defendants have filed an Answer. [8, 20]. Thus, responses to the pending motion may now be scheduled for filing.
>
> Therefore, it is hereby ORDERED that Defendants Goulette, Moffett, and Thomas shall respond to the Motion to Vacate Arbitral Award [4] on or before **December 30, 2019**. Fed. R. Civ. P. 6(a); L.U. Civ. R. 7(b)(4). Plaintiffs may reply on or before **January 13, 2020**. *Id*. Any party requesting an extension of time must file a motion for such prior to the deadline's expiration and advise the Court whether the request is opposed. L.U. Civ. R. 7(b)(4), (10).

[26] at p. 2 (emphasis in original). Per the docket annotation (staff notes) this Order was sent via U.S. Mail to all pro se Defendants at their respective addresses on December 11, 2019.

Having received no responses, on January 8, 2020, the Court entered a Memorandum Opinion and Order granting the Motion to Vacate (the "Final Order"), which provided an analysis of the underlying documents and arbitration award. [28]. The issue of timely notice was not raised or addressed by any party, and thus, the Court did not in any away address the timeliness of the service of any notice under the FAA.

Unbeknownst to the Court, on the same day and just minutes before the Court entered its Order, Thomas filed a document titled "Alleged Defendant's Motion to Dismiss with Prejudice in Opposition to Plaintiff(s)'s [sic] Complaint for Declaratory Judgment, to Vacate Arbitration Award, and for Injunctive Relief" [27]. It is exactly the same as her previously filed "Affidavit of Truth Complaint for Summary Judgment." Regardless of the timing, even if the document had been timely filed on December 30, 2019,[5] the only mention of untimely service under the FAA is on Page 7 in Paragraph 36(d), where it states "PLAINTIFF(S) have failed to respond appropriately in the time frame allotted for Vacatur under 9 U.S. Code § 12."

---

[5] There is a "Received" stamp on the envelope, which indicates that the document was indeed received in the Clerk's Office on December 30, 2019 but not docketed until January 8, 2020. *See* [27-1].

> If a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court. If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.

*FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994). While there is no "bright line rule" for determining whether a matter was "raised" in the District Court,[6] one can hardly argue that a single sentence buried in a nine-page document without a hint of legal argument qualifies as pressing an argument to the point a court has an opportunity to rule on it. Because the Court finds that the only issue for appeal has been forfeited, the Court certifies that the appeal is not taken in good faith.

Although this Court has found the applicant does not qualify as indigent and has certified that the appeal is not taken in good faith, the applicant may challenge these findings pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), and Federal Rule of Appellate Procedure 24(a)(5) by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this Order.[7]

SO ORDERED AND ADJUDGED this 11th day of March 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[6] *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142 n. 4 (5th Cir. 1996).
[7] See Fed. R. App. P. 24(a)(5) for additional information.